**MEYER LAW GROUP LLP**
 A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:   (415) 765-1588
Facsimile:    (415) 762-5277
Email:          brent@meyerllp.com

Attorneys for Debtor in Possession
66 BARRY LANE, LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | BK Case No.: 23-51443-DM |
| 66 BARRY LANE, LLC, | Chapter 11 |
| Debtor in Possession. | **MOTION TO SELL REAL PROPERTY COMMONLY KNOWN AS 66 BARRY LANE, ATHERTON, CALIFORNIA 94027 FREE AND CLEAR OF LIENS** |

**[11 U.S.C. §§ 363(b)(1), (f)(2)-(4), (m); F.R.B.P. 6004(a); and B.L.R. 6004-1]**

**AFFECTED LIENHOLDERS:**
(1) **Technology Credit Union**
(2) **Community Bank of the Bay**
(3) **Dakota Note, LLC**
(4) **Nariman Seyed Teymourian**
(5) **Gail Suzanne Marie Teymourian**
(6) **2700 Middlefield Road, LLC, a Delaware limited liability company**
(7) **Ferrando Diversified Capital, LLC, a California limited liability company**
(8) **Alviso Park, LLC, a Delaware limited liability company**
(9) **Sarah L. Little, Chapter 7 Trustee for the Estate Nariman Seyed Teymourian**

MOTION TO SELL REAL PROPERTY COMMONLY KNOWN AS 66 BARRY LANE, ATHERTON, CALIFORNIA 94027 FREE AND CLEAR OF LIENS

Case: 23-51443   Doc# 33   Filed: 03/08/24   Entered: 03/08/24 15:08:49   Page 1 of 14

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

|     | Date:     | April 5, 2024                |
| --- | --------- | ---------------------------- |
| 1   | Time:     | 10:00 a.m.                   |
| 2   | Location: | Telephonic / Videoconference |
| 3   | Judge:    | Hon. Dennis Montali          |

Debtor in Possession 66 Barry Lane, LLC ("Debtor") hereby moves (the "Motion") the Court for entry of an order authorizing it to sell real property commonly known as 66 Barry Lane, Atherton, California 94027 (the "Barry Lane Property") free and clear of all liens and encumbrances pursuant to 11 U.S.C. §§ 363(b) and (f)(2)-(4), (m), Federal Rules of Bankruptcy Procedure 2002(a)(2), 6004(a), and 6004(c), and Bankruptcy Local Rule 6004-1 in the above-captioned matter.

The Motion is based on the Notice of Motion, the points and authorities set forth below, the supporting declaration of real estate agent William Henry Haze ("Haze Decl.") and all exhibits attached thereto, the supporting declaration of Debtor's responsible individual Michael Ohayon ("Ohayon Decl."), the supporting declaration of Josh Rabinowitz on behalf of buyer B. Lima LLC ("Rabinowitz Decl."), the supporting Request for Judicial Notice ("RJN") and all exhibits attached thereto, all other pleadings on file with Court herein, and such other and further arguments and authority as may be presented at the hearing on the Motion.

## I.       BACKGROUND FACTS

On December 11, 2023 (the "Petition Date"), Debtor in Possession 66 Barry Lane, LLC ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California, San Francisco Division (the "Bankruptcy Court"), Case Number 23-51443-DM-DM (the "Bankruptcy Case"). See. Dkt. No. 1

As of the Petition Date, Debtor owned a fee simple interest in residential real property commonly known as 66 Barry Lane, Atherton, California 94027 (the "Barry Lane Property"). (RJN ¶ 1(a), Exh. A).

In order to assist with selling the Barry Lane Property, Debtor retained real estate agent William "Butch" Henry Haze of Compass California II, Inc. ("Compass"). See Dkt. Nos. 28, 30.

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

After a fulsome marketing effort and arms-length negotiations, on or about February 15, 2024, Debtor accepted a counter-offer from B. Lima LLC ("Buyer") to purchase the Barry Lane Property for the sum of Twenty-Three Million Dollars ($23,000,000), subject to those terms and conditions set forth in *Residential Purchase Agreement*, as amended and ratified. See Haze Decl. ¶ 3, Exh. A.

As of the date of the Motion, the following are current estimates for all known allowed claims secured by the Barry Lane Property, which will be paid at closing:

| | | | |
|---|---|---|---|
| (1) | Assessor's Office for County of San Mateo (*ad valorem*) | $ | 453,747.05 |
| (2) | Technology Credit Union (1st DOT) | $ | 8,700,000.00 |
| (3) | Community Bank of the Bay (2nd DOT) | $ | 7,791,431.35 |
| | **TOTAL** | | **$ 16,945,178.40** |

See Haze Decl. ¶ 4.

Debtor requests authority to sell the Barry Lane Property based on the following.

## II. LEGAL ANALYSIS

### A. Debtor Requests Authority to Sell the Barry Lane Property Outside the Ordinary Course of Business Pursuant to 11 U.S.C. § 363(b)

Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b).

The proper standard for a court to use when considering a proposed motion to sell assets is the business judgment test. Equity Sec. Holders v. Lionel Corp. (In re Lionel), 722 F. 2d 1063 (2nd Cir. 1983). This is this standard that has been adopted by the vast majority of courts. See In re Gulf States Steel, Inc. of Ala., 285 B.R. 497, 515 (Bankr. N.D. Ala. 2002).

"Under this standard, the Trustee has the burden to establish sound business reasons for the terms of a proposed sale. Factors for the Court to consider in whether to approve the sale include: (1) any improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arms-length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest. The Trustee is responsible for the administration of the estate and his or her judgment on the sale and the procedure for the sale is

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

MOTION TO SELL REAL PROPERTY COMMONLY KNOWN AS 66 BARRY LANE, ATHERTON, CALIFORNIA 94027 FREE AND CLEAR OF LIENS

entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met." Id. at 514 (citations omitted).

In analyzing a proposed sale, the Court must consider whether the sale is in the best interests of the estate, based on the facts and history of the case. See In re America West Airlines, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing In re Lionel Corp., 722 F. 2d 1063, 1071 (2nd Cir. 1983)). Further, the Trustee has broad power under section 363 to sell property of the estate and the manner of sale is within the discretion of the trustee. See In re The Canyon P'ship, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985).

Here, with the assistance of real estate agent William "Butch" Henry Haze of Compass, Debtor staged the Barry Lane Property, listed the property for sale with professional photographs on the *Multiple Listing Service* (MLS), actively marketed the property, conducted broker's tours of the property with top real estate agents, and rigorous negotiations, Debtor obtained a cash offer from Buyer to purchase the Barry Lane Property for $23,000,000. See Haze Decl. ¶ 5.

As of the date of this Motion, Debtor believes that Buyer's offer of $23,000,000 is the highest and best price for the Barry Lane Property, and that an immediate sale of the Barry Lane Property is in the best interests of the bankruptcy estate and creditors. See Ohayon Decl. ¶ 4.

As such, Debtor requests authority to sell the Barry Lane Property to Buyer outside of the ordinary course of business pursuant to 11 U.S.C. § 363(b).

**B. Debtor Requests Authority to Sell the Barry Lane Property to Buyer Without Overbids or an Auction Sale**

As of the date of this Motion, Debtor anticipates that the sale of the Barry Lane Property will generate net proceeds of sale of approximately $4,889,671.60, after payment in full of all allowed secured claims, including delinquent property tax claims, aggregating approximately $16,945,178.40. See Haze Decl. ¶ 4. Further, as of the Petition Date, there are no known general unsecured claims against the estate (see Dkt. No. 1, Schedule E/F), and other than a single claim filed by the Internal Revenue Service ($4,800) on account of estimated liability for tax year ending 2023 (see Claim No. 1-1), no other unsecured creditor has filed a proof of claim (see CM/ECF *generally*). As such, Debtor anticipates that this will be a fully solvent estate.

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

BK CASE NO. 23-51443-DM

MOTION TO SELL REAL PROPERTY COMMONLY KNOWN AS 66 BARRY LANE, ATHERTON, CALIFORNIA 94027 FREE AND CLEAR OF LIENS

Further, the initial offer ($20,000,000) from Buyer was significantly lower than the offer of $23,000,000 ultimately accepted by Debtor, subject to approval by the Bankruptcy Court. In order to achieve this higher offer, Debtor's real estate agent communicated with all prospective purchasers, advising them that there were multiple offers to purchase the Barry Lane Property, therein soliciting the highest and best offers from each of the prospective buyers. See Haze Decl. ¶ 6. In response, Buyer increased its offer to $23,000,000, which was the highest and best offer. Id.

Given the unique characteristics of the Barry Lane Property, the fulsome marketing efforts, and the robust informal "bidding," which culminated with the $23,000,000 offer from Buyer, Debtor does not believe that a formal auction process with overbidding procedures will generate a higher and better offer. See Haze Decl. ¶ 7. Rather, Debtor has confidence that the highest and best offer to purchase the Barry Lane Property is from Buyer. Further, Buyer subsequently invested substantial resources on due diligence to ensure escrow for the transaction will close in a timely manner. There are no assurances that a winning bidder at an auction could actually consummate the transaction and close escrow within a truncated schedule.

Based on the foregoing, and under the circumstances, Debtor asserts that it is a valid exercise of its business judgment pursuant to section 363(b) to sell the Barry Lane Property to Buyer for $23,000,000 without overbids and without an auction sale.

C. **Debtor Requests Authority to Sell the Property Free and Clear of the First Abstract and Second Abstract Pursuant to 11 U.S.C. § 363(f)(2)**

Section 363(f)(2) of the Bankruptcy Code provides the trustee "may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if … such entity consents." 11 U.S.C. § 363(f)(2).

Here, on the current iteration of the *Preliminary Title Report*, the following encumbrances of record appear:

| (1) | Dakota Note, LLC *et al.* | (Document No. 2017-008300) | $ 2,500,000.00 |
| (2) | Dakota Note, LLC | (Document No. 2017-085459) | $ 2,200,000.00 |
| (3) | Dakota Note, LLC *et al.* | (Document No. 2018-009934) | $ 1,350,000.00 |
| (4) | Dakota Note, LLC *et al.* | (Document No. 2018-032666) | $ 4,550,000.00 |

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

BK CASE NO. 23-51443-DM

MOTION TO SELL REAL PROPERTY COMMONLY KNOWN AS 66 BARRY LANE, ATHERTON, CALIFORNIA 94027 FREE AND CLEAR OF LIENS

| | | |
|---|---|---|
| (5) | Dakota Note, LLC *et al.* | (Document No. 2019-001052) $ 300,000.00 |
| (6) | Dakota Note, LLC | (Document No. 2019-023434) $ 1,000,000.00 |

See RJN ¶¶ 1(d)-(i), Exhs. D-I (collectively, the "Dakota Note Encumbrances").

Dakota Note, LLC and those related entities identified in the Dakota Note Encumbrances have affirmatively consented to a sale of the Barry Lane Property to Buyer as set forth herein, and prior to hearing on the Motion, it is anticipated that prior reconveyances will result in the Dakota Note Encumbrances being removed from the *Preliminary Title Report*.  See Ohayon Decl. ¶ 5.  However, out of an abundance of caution, Debtor is identifying the Dakota Note Encumbrances, so that the order granting this Motion can affirmatively acknowledge that a sale of the Barry Lane Property is free and clear of these encumbrances.

As such, Debtor has authority to sell the Property pursuant to section 363(f)(2) free and clear of the Dakota Note Encumbrances.

**D.     Debtor Requests Authority to Sell the Property Free and Clear of Claims of Tech CU and Community Bank of the Bay Pursuant to 11 U.S.C. § 363(f)(3)**

Section 363(f)(3) of the Bankruptcy Code provides the trustee "may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if … such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property."  11 U.S.C. § 363(f)(3).

Here, the sale price of the Barry Lane Property ($23,000,000) is greater than the aggregate value of the consensual liens encumbering the Barry Lane Property ($16,945,178.40), which consists of *ad valorem* taxes of $453,747.05, Technology Credit Union (1st Dot) of $8,700,000 and Community Bank of the Bay (2nd DOT) of $7,878,931.35.  See Haze Decl. ¶ 4. However, for clarification, although this Motion seeks authority to sell free and clear of these two encumbrances, Debtor anticipates paying the allowed amount of each of these claims in full from the net proceeds of sale at close of escrow.

As such, Debtor has authority to sell the Barry Lane Property pursuant to section 363(f)(3) free and clear of the *Deeds of Trust* of Technology Credit Union and Community Bank of the Bay.

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

**E. Debtors Requests Authority to Sell the Property Free and Clear of Claims of Nariman Teymourian, Gail Teymourian, Chapter 7 Trustee Sarah L. Little, and All Related Entities Pursuant to 11 U.S.C. § 363(f)(4)**

Section 363(f)(4) of the Bankruptcy Code provides that the trustee "may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if … such interest is in bona fide dispute." 11 U.S.C. § 363(f)(4). A *bona fide* dispute exists where there is an "objective basis for either a factual or a legal dispute as to the validity of the [claim]." See Melcher v. Richardson, 2012 WL 12884026, at *1 (N.D. Cal. Mar. 31, 2012), *aff'd*, 563 F. App'x 574 (9th Cir. 2014) (*citing* In re Vortex Fishing Sys., Inc., 277 F.3d 1057, 1064 (9th Cir. 2001) (*quoting* In re Busick, 831 F.2d 745, 750 (7th Cir. 1987)). The "statute does not require the court to determine the outcome of any dispute, only its presence or absence." Busick, 831 F.2d 750.

Further, "[t]he purpose of [section] 363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the representative of the estate so that liquidation of the estate's assets need not be delayed while such disputes are being litigated." See In re Clark, 266 B.R. 163, 171 (B.A.P. 9th Cir. 2001) (*citing* 3 Lawrence P. King, COLLIER ON BANKRUPTCY ¶ 363.06 (15th ed. rev. 1998)).

Here, as this Court is well aware Nariman Seyed Teymourian, his wife Gail Suzanne Marie Teymourian, and various entities that they control, including but not limited to, 2700 Middlefield Road, LLC, a Delaware limited liability company, Ferrando Diversified Capital, LLC, a California limited liability company, and Alviso Park, LLC, a Delaware limited liability company (collectively, the "Teymourian Claimants") continue to assert various non-meritorious claims, liens, encumbrances, and other asserted ownership interest in the Barry Lane Property. See RJN ¶¶ 1-4, Exhs. J-P (collectively, the "Teymourians Claims").

However, as of the date of this Motion, except for the three *lis pendens* identified in Section II.E below (RJN ¶¶ 1(j)-(l), Exhs. J-L), none of the Teymourian Claimants have a duly recorded claim, lien, or other encumbrance against the Barry Lane Property, and none of the Teymourian Claims are duly recorded claims, liens, or encumbrances, against the Barry Lane Property. See Ohayon Decl. ¶ 6.

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

Nevertheless, out of an abundance of caution, and in order to avoid any unnecessary delay in the close of escrow, Debtor seeks to the sell the Barry Lane Property free and clear of any and all claims of the Teymourian Claimants and Sarah L. Little, as Trustee for the Bankruptcy Estate of Nariman Seyed Teymourian, including all of the Teymourisan Claims, as there are *bona fide* disputes regarding the legitimacy of any of these disputed claims. Specifically, the California Superior Court for San Mateo County has rejected all efforts by Nariman Seyed Teymourian to obtain a temporary restraining order (TRO) or a preliminary injunction to stay the sale of the Barry Lane Property and the subsequent eviction consistent with the unlawful detainer judgment for possession of the property. See RJN ¶¶ 1-4, Exhs. J-O.

As such, Debtor has authority to sell the Barry Lane Property pursuant to section 363(f)(4) free and clear of the asserted claims of the Teymourian Claimants and Sarah L. Little, as the Trustee for the Bankruptcy Estate of Nariman Seyed Teymourian, including but not limited to, all of the Teymourisan Claims.

**F.    Expungement of *Lis Pendens* Recorded Against the Barry Lane Property**

In a misguided attempt to thwart non-judicial foreclosure proceedings and delay a sale of the Barry Lane Property, the Teymourian Claimants impermissibly recorded three *lis pendens* against the property. See RJN ¶¶ 1(j)-(l), Exhs. J-L (the "Teymourian Lis Pendens").

On February 9, 2024, this Court granted Dakota Note, LLC relief from the automatic stay to seek expungement of the Teymourian Lis Pendens in California Superior Court for San Mateo County. See Case No. 23-30668-DM, Dkt. No. 131. Thereafter, Dakota Note, LLC promptly filed a Motion to Expunge the Teymourian Lis Pendens, which is currently set for hearing on March 21, 2024 at 2:00 p.m. See RJN ¶¶ 4(b)-(d), Exhs. P-R (the "Motion to Expunge").

Debtor fully expects that the Teymourian Lis Pendens will be expunged pursuant to California Code of Civil Procedure §§ 405.30-405.32 at the hearing on March 21, 2024, but because this Motion was filed prior to that hearing, out of an abundance of caution, Debtor also seeks authority to sell the Barry Lane Property free and clear of the Teymourian Lis Pendens pursuant to section 363(f)(4), as there is a *bona fide* dispute regarding the legitimacy of these claims (clouds on title) and the recordation of the *lis pendens* against the Barry Lane Property.

MOTION TO SELL REAL PROPERTY COMMONLY KNOWN AS 66 BARRY LANE, ATHERTON, CALIFORNIA 94027 FREE AND CLEAR OF LIENS

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

Alternatively, assuming *argumentum* that the California Superior Court for San Mateo County is unable to timely and fully adjudicate the Motion to Expunge prior to the hearing on this Motion, and to the extent necessary or required, Debtor incorporates by reference each of those arguments set forth in the Motion to Expunge, and pursuant to California Code of Civil Procedure §§ 405.30-405.32 hereby requests that the Court expunge each of the Teymourian Lis Pendens recorded against the Barry Lane Property.

**G.  Request for Payment of Allowed Claims from Proceeds of Sale**

As set forth above, as of the date of this Motion, the following are all allowed claims secured by the Barry Lane Property:

| | | | |
|---|---|---:|---:|
| (1) | Assessor's Office for County of San Mateo (*ad valorem*) | $ | 453,747.05 |
| (2) | Technology Credit Union (1st DOT) | $ | 8,700,000.00 |
| (3) | Community Bank of the Bay (2nd DOT) | $ | 7,791,431.35 |
| | **TOTAL** | **$** | **16,945,178.40** |

See RJN ¶¶ 1(b)-(c), Exhs. B-C.

Further, Debtor requests that Chicago Title Company (or such other selected title company) pay directly from escrow the following non-impaired claims, costs of sale, and taxes:

| | | | |
|---|---|---:|---:|
| (1) | Assessor's Office for County of San Mateo (*ad valorem*) | $ | 453,747.05 |
| (2) | Technology Credit Union (1st DOT) | $ | 8,700,000.00 |
| (3) | Community Bank of the Bay (2nd DOT) | $ | 7,791,431.35 |
| (4) | Compass California II, Inc. (Commissions - Seller) | $ | 575,000.00 |
| (5) | Golden Gate Sotheby's Int'l Realty (Commissions - Buyer) | $ | 575,000.00 |
| (6) | Customary Costs of Sale / Escrow Fees / Transfer Taxes | $ | 15,150.00 |
| | **TOTAL** | **$** | **18,110,328.40** |

After payment of the aforementioned allowed secured claims by Chicago Title Company ($18,110,328.40), in addition to customary costs of sale, escrow fees, and transfer tax,[1] Debtor anticipates that there will be net proceeds of sale of approximately $4,889,671.60, which will be subject to: (a) any claims of Dakota Note, LLC and related entities; and (b) any potential claims of the Teymourian Claimants, including Sarah Little, as Trustee for the Bankruptcy Estate of

---

[1] Prior to the hearing on the Motion, Debtor will file with the Court an *Estimated Seller's Settlement Statement*, which will identify all applicable fees, costs, and taxes, including the *pro rata* portion incurred but yet due and payable for 2024.

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

Nariman Seyed Teymourian.

Debtor will hold these net proceeds of sale, and once all matters are resolved by final orders from a court of competent jurisdiction, Debtor will promptly remit payment to the successful claimants consistent with the terms of a confirmed Chapter 11 Plan of Reorganization or consistent with a further order from this Court.

### H. Buyer is a "Good Faith Purchaser" Pursuant to 11 U.S.C. § 363(m)

Section 363(m) of the Bankruptcy Code provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m).

Section 363(m) "codifies Congress's strong preference for finality and efficiency" in bankruptcy proceedings. In re Energytec, Inc., 739 F.3d 215, 218-19 (5th Cir. 2013). The Ninth Circuit has repeatedly held that under section 363(m) "[w]hen a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc), 163 F.3d 570, 576 (9th Cir. 1998); see also In re Ewell, 958 F.2d 276, 282 (9th Cir. 1992) ("Because the Buyer was a good faith purchaser, under 11 U.S.C. § 363(m) the sale may not be modified or set aside on appeal unless the sale was stayed pending appeal."); Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1172 (9th Cir. 1988) ("Finality in bankruptcy has become the dominant rationale for our decisions …").

Here, consistent with the detail in the Declaration of Josh Rabinowitz, Debtor requests that this Court find that Buyer constitutes a good faith purchaser pursuant to section 363(m) because: (1) neither Buyer nor its beneficial interest holder has any prior relationship with the Debtor; (2) the negotiations were handled between Buyer's real estate professional and Debtor's real estate professional as well as their respective legal counsel – there has been no direct communication; and (3) neither Buyer nor its beneficial interest holder has knowledge of the

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

1    identity of any other potential or interested purchasers, consequently, there has been no

2    communication between Buyer and other potential or interested purchaser of the Barry Lane

3    Property.  See Rabinowitz Decl. ¶¶ 3-9.

4            Based upon the Declaration of Josh Rabinowitz, Buyer qualifies as a good faith purchaser

5    of the Barry Lane Property is entitled to the protections of 11 U.S.C. § 363(m).

6    **III.    CONCLUSION**

7            Based on the foregoing, Debtor respectfully request that the Court grant the Motion in its

8    entirety, and enter an order that provides the following additional relief:

9            (1)    Authorizing Debtor to sell the estate's right, title, and interest in the Barry Lane

10   Property to the Buyer pursuant to the terms and conditions set forth in the *Residential Purchase*

11   *Agreement* pursuant to 11 U.S.C. § 363(b);

12           (2)    Authorizing the sale of the Barry Lane Property free and clear of each of the

13   following claims, liens, and encumbrances pursuant to 11 U.S.C. §§ 363(f)(2), (3), (4), with the

14   claims, liens, and encumbrances attaching to the proceeds of sale to the same nature, extent,

15   validity, priority as original on the Barry Lane Property:

16           (a)    *Deed of Trust* of Technology Credit Union in the original principal

17   amount of $8,000,000.00 recorded in the Recorder's Office for San Mateo County on or about

18   December 15, 2016 as Document No. 2016-133248;

19           (b)    *Deed of Trust* of Community Bank of the Bay in the original principal

20   amount of $7,000,000.00 recorded in the Recorder's Office for San Mateo County on or about

21   September 22, 2021 as Document No. 2021-135494;

22           (c)    *Deed of Trust* of Dakota Note, LLC, as to an undivided

23   1,125,000/2,500,000 interest and Tanya Waltimyer, a married woman as her sole and separate

24   property, as to an undivided 650,000/2,500,000 interest and Jason Greenfield, a married man, as

25   his sole and separate property, as to an undivided 425,000/2,500,000 interest and Natural

26   Software Systems, Inc. Money Purchase Pension Plan, as to an undivided 300,000/2,500,000

27   interest in the original principal amount of $2,500,000.00 recorded in the Recorder's Office for

28   San Mateo County on or about January 17, 2017 as Document No. 2017-008300;

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

BK CASE NO. 23-51443-DM

MOTION TO SELL REAL PROPERTY COMMONLY KNOWN AS 66 BARRY LANE, ATHERTON, CALIFORNIA 94027 FREE AND CLEAR OF LIENS

(d)     *Deed of Trust* of Dakota Note, LLC in the original principal amount of $2,200,000.00 recorded in the Recorder's Office for San Mateo County on or about September 29, 2017 as Document No. 2017-085459;

(e)     *Deed of Trust* of Dakota Note, LLC as to an undivided 1,255,000/1,350,000 interest and Natural Software Systems, Inc. Money Purchase Pension Plan, as to an undivided 95,000/1,350,000 interest recorded in the Recorder's Office for San Mateo County on or about February 13, 2018 as Document No. 2018-009934;

(f)     *Deed of Trust* of Dakota Note, LLC, as to an undivided 2,250,000/4,550,000 interest and Tanya Waltimyer, a married woman as her sole and separate property, as to an undivided 1,000,000/4,550,000 interest and Jason Greenfield, a married man, as his sole and separate property, as to an undivided 500,000/4,550,000 interest and Natural Software Systems, Inc. Money Purchase Pension Plan, as to an undivided 490,000/4,550,000 interest in the original principal amount of $4,550,000.00 recorded in the Recorder's Office for San Mateo County on or about April 27, 2018 as Document No. 2018-032666;

(g)     *Deed of Trust* of Dakota Note, LLC as to an undivided 2,450,000/3,000,000 interest and Natural Software Systems, Inc. Money Purchase Pension Plan, as to an undivided 550,000/3,000,000 interest in the original principal amount of $3,000,000.00 recorded in the Recorder's Office for San Mateo County on or about January 7, 2019 as Document No. 2019-001052;

(h)     *Deed of Trust* of Dakota Note, LLC in the original principal amount of $1,000,000.00 recorded in the Recorder's Office for San Mateo County on or about April 2, 2019 as Document No. 2019-023434;

(i)     *Notice of Pending Action* recorded in the Recorder's Office for San Mateo County on or about February 2, 2023 as Document No. 2023-004942;

(j)     *Notice of Pending Action* recorded in the Recorder's Office for San Mateo County on or about March 16, 2023 as Document No. 2023-011634;

(k)     *Notice of Pending Action* recorded in the Recorder's Office for San Mateo County on or about March 29, 2023 as Document No. 2023-014038;



MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

(l)     Any claim, lien, encumbrance, or other asserted ownership interest or other rights in the Barry Lane Property of Nariman Seyed, Teymourian, Gail Suzanne Marie Teymourian, Sarah L. Little, as Chapter 7 Trustee for the Bankruptcy Estate of Nariman Seyed, Teymourian, 2700 Middlefield Road, LLC, a Delaware limited liability company, Ferrando Diversified Capital, LLC, a California limited liability company, and Alviso Park, LLC, a Delaware limited liability company; and

(m)     Any claim, lien, encumbrance, or other asserted ownership interest or other rights in the Barry Lane Property asserted by any party in: (i) <u>Teymourian *et al*. v. Dakota Note, LLC *et al.*</u>, Case No. 22-CIV-04679, California Superior Court for San Mateo County; (ii) <u>Teymourian et al. v. 66 Barry Lane *et al.*</u>, AP Case No. 23-3038-DM, United States Bankruptcy Court, Northern District of California; and (iii) T<u>eymourian et al. v. 66 Barry Lane *et al.*</u>, AP Case No. 24-5005-DM, United States Bankruptcy Court, Northern District of California.

(3)     Authorizing Chicago Title Company (or such other escrow company selected by Trustee) to pay from the proceeds of sale for the Barry Lane Property each of the following:

(a)     The outstanding loan balance for the *Promissory Note* secured by the *Deed of Trust* of Technology Credit Union in the original principal amount of $8,000,000.00 (currently estimated at $8,700,000.00) recorded in the Recorder's Office for San Mateo County on or about December 15, 2016 as Document No. 2016-133248;

(b)     The outstanding loan balance for the *Promissory Note* secured by the *Deed of Trust* of Community Bank of the Bay in the original principal amount of $7,000,000.00 (currently estimated at $7,878,931.35) recorded in the Recorder's Office for San Mateo County on or about September 22, 2021 as Document No. 2021-135494;

(c)     Outstanding *ad valorem* taxes due and owing to the City and County of San Mateo (approximately $453,747.05) as of the close of escrow;

(d)     A total real estate commission of 5.00% (estimated at $1,150,000.00) to be divided as follows: 2.50% (estimated at $575,000.00) to William Henry Haze of Compass California II, Inc. and 2.50% (estimated at $575,000.00) to be paid to Michael Dreyfus of Golden Gate Sotheby's International Realty;

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m

1         (e)     The ordinary and customary costs of sale and escrow as provided for in

2   the *Residential Purchase Agreement*, as amended and ratified;

3         (f)     The applicable transfer taxes as provided for in the *Residential Purchase*

4   *Agreement*, as amended and ratified; and

5         (g)     All other fees, costs, and taxes reflected in the *Estimated Seller's*

6   *Statement* attached to the Supplemental Declaration of William Henry Haze filed in support of

7   the Motion [Dkt. No. _____ ];

8       (4)     Authorizing Chicago Title Company (or such other escrow company selected by

9   Debtor) to remit to Debtor the remaining net proceeds of sale (approximately $4,889,671.60)

10  from the Barry Lane Property, after payment of all claims set forth in Paragraphs (4) above;

11      (5)     Waiving the fourteen (14) day stay provided for by Federal Rule Bankruptcy

12  Procedure 6004(h);

13      (6)     Authorizing Debtor and Buyer to execute all such documents as are necessary to

14  complete the sale of the Barry Lane Property;

15      (7)     Finding that Buyer is a "good faith purchaser" of the Barry Lane Property

16  pursuant to the standard set forth in 11 U.S.C. § 363(m); and

17      (8)     For such other and further relief as the Court deems just and proper under the

18  circumstances of this case.

19

20  Dated: March 8, 2024                    **MEYER LAW GROUP, LLP**

21

22                             By:  /s/ BRENT D. MEYER

23                                Brent D. Meyer
                              Attorneys for Debtor in Possession

24                                66 BARRY LANE, LLC

25

26

27

28

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
w w w . m e y e r l l p . c o m